# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:98cr078-001

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MICHAEL TIMOTHY SMITH. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Nunc Pro Tunc Motion" [Doc. 121].

A Bill of Indictment was filed against the Defendant and four co-Defendants on April 7, 1998, charging the Defendant with, among other things, two counts of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and one count of conspiracy to possess firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o). [Doc. 1]. A writ of habeas corpus ad prosequendum was issued on April 9, 1998, and the Defendant made his initial appearance on April 21, 1998. At a hearing on April 23, 1998, the Defendant was ordered detained pending trial. [Doc. 12].

The Defendant entered a guilty plea on October 16, 1998. He was sentenced on April 3, 2000 to a total of 300 months' imprisonment, to run concurrently with the state sentence that the Defendant was then serving. [Doc. 106]. A writ of habeas corpus ad prosequendum was executed on May 10, 2000, returning the Defendant to State authorities at the Mecklenburg County Jail. [Doc. 107]. On November 15, 2002, the Defendant was delivered to the Federal Correctional Institution in Edgefield, South Carolina [Doc. 117], where the Defendant remains incarcerated to this day.

The Defendant, proceeding *pro se*, now moves the Court to award him credit for time spent in official detention prior to the date of his sentence. [Doc. 121]. Subsequent to the filing of the Motion this case was re-assigned to the undersigned.

The Attorney General of the United States, not the sentencing court, has the authority to compute the amount of presentence credit. 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). Further, any challenges to the computation of a sentence must be brought in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). Because the Defendant is currently incarcerated in

Edgefield, South Carolina, judicial review should have been sought in that district.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Nunc Pro Tunc Motion" [Doc. 121] is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 22, 2009

Martin Reidinger
United States District Judge