UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:98-cr-00078-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **MICHAEL TIMOTHY SMITH,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant Smith's Motion for Order Adjusting Sentence (#142). Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

In this Motion (#142), Mr. Smith asks the court to revisit its earlier Judgment (#106) issued by District Judge Richard Voorhees. Specifically, the defendant asks the court to examine whether the term of imprisonment imposed was "fully and retroactively concurrent" with the imprisonment for any state convictions, such that Mr. Smith could obtain credit for time served.

The language of the earlier Judgment (#106) reads:

"The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Ct. 4: TWO HUNDRED FORTY (240) MONTHS. Ct. 2: SIXTY (60) MONTHS to run consecutively to ct. 4. Ct. 5: FORTY SIX (46) MONTHS to run concurrently to cts. 4 and 2 for a TOTAL OF THREE HUNDRED (300) MONTHS. This sentence is to run concurrently with any state sentence defendant is presently serving and the Court recommends that the sentence run concurrently with

any future state sentence that may be imposed."

Judgment (#106) at 2.

In a prior Motion (#121), Mr. Smith requested credit for time served in official detention prior to his sentencing date. The presiding judge at that time, District Judge Reidinger denied the motion as challenges to the computation of a sentence must be brought in the district of confinement, not the sentencing district. See United States v. Miller, 871 F.2d 488 (4th Cir. 1989). As the Miller panel noted:

> "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. See United States v. Brown, 753 F.2d 455 (5th Cir. 1985)."

Miller, 871 F.2d at 490 (emphasis added).

In sum, defendant believes he is entitled to credit for time served in custody prior to his federal sentence. Review of the letter reveals that defendant is being housed by BOP in a facility in South Carolina, with several years remaining on his federal sentence.

While this court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement. Defendant is reminded that he is being housed in the District of South Carolina. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992).

In sum, a district court does not have the authority to determine the extent of credit toward the service of a term of imprisonment for time spent in official detention at sentencing. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 334 (1992). Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his Motion (#142), such relief is **DENIED** without prejudice as to filing an appropriate motion in the district of confinement after exhaustion of administrative remedies.

Signed: March 13, 2017

Max O. Cogburn Jr.
United States District Judge