UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98-cr-78-MOC-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MICHAEL TIMOTHY SMITH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 147). Defendant seeks release based on the COVID-19 pandemic and the fact that he purportedly suffers from kidney disease. Id.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, Defendant has attached a document showing that he sought compassionate release from the BOP, but he did not attach the BOP's response, if any. Because Defendant has failed to show he exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

Additionally, Defendant has not shown he suffers from any illnesses that place him at a particular increased risk from the COVID-19 pandemic. The Court shares the view of the Third

Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau]'s statutory role, and its extensive and professional efforts to curtail the virus's spread." Raia, 954 F.3d at 597. Therefore, if Defendant chooses to refile his motion after exhausting available remedies, he should supply any supporting evidence that can offer showing why he in particular deserves compassionate release—including evidence of his personal health, criminal history, prison disciplinary record, and likely danger to the community if released.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, Doc. No. 147, is **DENIED**.

Signed: August 12, 2020

Max O. Cogburn Jr.
United States District Judge